

FILED & ENTERED

NOV 01 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY penning  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Gabriel Solomon Hennes Kristal,<br><br>　　　　　　　　　Debtors.<br>_____<br>United Healthcare Workers-West, an unincorporated association,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Gabriel Solomon Hennes Kristal,<br><br>　　　　Defendant. | Case No: 2:10-bk-58489-TD<br><br>Chapter: 7<br><br>Adv. Proc. No. 2:11-ap-01508-TD<br><br><br>MEMORANDUM OF DECISION |

**Introduction**

This memorandum responds to a Motion to Dismiss the above-captioned adversary proceeding brought against Defendant Gabriel Solomon Hennes Kristal (Kristal), a Debtor in chapter 7, by his previous employer, United Healthcare Workers-West (UHW). Although both parties have sought

judicial notice to bring evidence to the attention of the court, they have stipulated to resolving the matter pursuant to the standards applicable to a motion to dismiss, rather than standards applicable to a motion for summary judgment. Accordingly, the court construes all well-pleaded factual allegations in UHW's complaint in the light most favorable to UHW, and accepts them as true. *See Ta Chong Bank Ltd.* v. *Hitachi High Techs. Am., Inc.*, 610 F.3d 1063, 1066 (9th Cir. 2009). Conclusory allegations of law and unwarranted inferences are given no deference, and are insufficient to defeat a motion to dismiss. *Epstein* v. *Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

In addition to considering the facts contained in the pleadings, the court will also take judicial notice of the prior court records and proceedings in *Service Employees International Union, et al.* v. *Sal Roselli, et al.,* Case No. 3:09-cv-00404 (N.D. Cal., 2009), which have been provided in the parties' briefs. Service Employees International Union (SEIU), the plaintiff in that case, is the parent company to UHW, and Kristal is one of the defendants. *See Spectravest, Inc.* v. *Mervyn's, Inc.*, 673 F. Supp. 1486, 1488 (N.D. Cal. 1987) ("this Court may take judicial notice of the existence of an earlier pleading, particularly when the same parties are involved").

**Factual and Procedural Background**

At all times relevant to this proceeding, Kristal was employed as an Assistant Director of the Convalescent Division of UHW, a labor organization representing private and public-sector employees in collective bargaining with employers throughout California. Kristal was a voluntary member of UHW from at least January 1, 2007 through January 31, 2009. First Amended Complaint ("FAC") ¶ 3. In his position, Kristal acted as an agent for UHW. *Id.* at ¶ 4. Kristal also had some control over UHW's money and property. *Id.* at ¶ 11.

In 2009 UHW brought a lawsuit against Kristal and other former officers and employees, alleging that these individuals violated fiduciary duties owed to UHW pursuant to 29 U.S.C. § 501(a). *Roselli*, 2d Amended Compl. ¶¶ 96-102. Kristal was specifically alleged to have "failed and refused to turn over to UHW critically important bargaining files . . . for which [he] w[as] the lead negotiator[]." *Id.* at ¶ 75(f). Evidence was also presented to the jury that Kristal stole or assisted in the theft of UHW

- 2 -

property, including a laptop computer, UHW databases, and other property.  FAC ¶ 23.  The jury was further instructed to award damages to defendants who "set in motion one or more scenarios calculated to lead to violence, vandalism, harassment, threats and/or intimidation," while still acting in a fiduciary capacity, thereby requiring UHW to incur increased security expenses.  *Id.* at ¶ 26.

At trial, the breach of fiduciary duty claim was the only claim brought against Kristal.  *Id.* at ¶ 16.  The jury returned a verdict against Kristal that included damages of $6,600 representing salary and benefits he received, $60,000 for his diversion of resources, and $7,250 for costs incurred by UHW for increased security, for a total of $73,850.  *Id.* at ¶¶ 24-26.  An award of costs was also entered against the defendants in *Rosselli*, amounting to $219,073.16.  *Id.* at ¶ 28.  Kristal's portion of this amount, pursuant to the ratio of the money judgment against him, is $10,251.72.  *Id.*  Kristal has not satisfied any portion of the judgments entered against him.  *Id.* at ¶ 29.

On November 11, 2010, Kristal filed a chapter 7 petition under Title 11 of the United States Bankruptcy Code in the Central District of California, Case No. 2:10-58489.  UHW brought this adversary proceeding on February 10, 2011 to determine the nondischargeability of UHW's judgment against him pursuant to § 523(a)(4).  On March 16, 2011, Kristal moved to dismiss the adversary proceeding for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), as embodied in Federal Rule of Bankruptcy Procedure 7012(b).  UHW opposes this motion.

**Discussion**

A motion to dismiss a complaint should only be granted if it appears beyond doubt that the plaintiff cannot prove a set of facts in support of his claim which would entitle him to relief.  *Baker* v. *McNeil Island Corrections Ctr.*, 859 F.2d 124, 127 (9th Cir. 1988).  UHW's Complaint to Determine Nondischargeability of Debt relies on § 523(a)(4), which states that a debt "for fraud or defalcation while acting in a fiduciary capacity" is nondischargeable.  UHW's Complaint references the judgment against Kristal found in *Rosselli* as the sole basis for its claim.  Kristal has argued that UHW cannot prove a set of facts establishing nondischargeability pursuant to § 523(a)(4) for two reasons.  First, Kristal argues

- 3 -

that he is not alleged to be a fiduciary as defined in § 523(a)(4).  Second, that he is not alleged to have engaged in fraud or defalcation.

*Fiduciary Requirement of § 523(a)(4)*

In its FAC, UHW relies on a state court finding that Kristal violated his fiduciary duty to UHW, pursuant to § 501(a) of the Labor-Management Reporting and Disclosure Act of 1959.  This section states, in relevant part:

> The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group.  It is, therefore, the duty of each such person . . . to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any manner connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization.

LMRDA § 501(a).  UHW alleges that, as an agent, Kristal was in a fiduciary capacity, and that it was Kristal's duty to hold the money and property of UHW in trust for the benefit of the organization.  Kristal argues that, even accepting UHW's representations of Kristal's role as a fiduciary pursuant to § 501(a) for the purposes of this motion, they are insufficient to establish nondischargeabilty under § 523(a)(4). Because UHW has provided no other basis for establishing a fiduciary relationship, Kristal argues, UHW's complaint should be dismissed.

Kristal relies on the Ninth Circuit's ruling in *Cal-Micro, Inc.* v. *Cantrell (In re Cantrell)*, 329 F.3d 1119, 1125 (9th Cir. 2003).  In finding that the debt of a corporate officer who allegedly expropriated corporate funds for his own personal use was nevertheless dischargeable, the court indicated, "we have adopted a narrow definition of 'fiduciary' for purposes of § 523(a)(4): The fiduciary relationship must be one arising from an express or technical trust that was imposed before and without reference to the wrongdoing that caused the debt."  *Id.* (internal citations omitted).  The Bankruptcy Appellate

- 4 -

Panel recently acknowledged this limitation on a finding of nondischargeability. *Honkanen* v. *Hopper (In re Honkanen)*, 446 B.R. 373, 378 (9th Cir. BAP 2011) ("The mere fact that state law puts two parties in a fiduciary-like relationship does not necessarily mean it is a fiduciary relationship within 11 U.S.C. § 523(a)(4)."). The general elements necessary for an express or technical trust are (1) sufficient words to create a trust, (2) a clearly defined trust res, and (3) an intent to create a trust relationship. *See NesSmith Electric Co., Inc.* v. *Kelley (In re Kelley)*, 84 B.R. 225, 229 (Bankr. M.D. Fla. 1988); *Lovell* v. *Stanifer (In re Stanifer)*, 236 B.R. 709, 714 (9th Cir. BAP 1999). UHW's complaint does not allege that Kristal intended to enter into a trust relationship with UHW, or that a trust was created or defined outside of the language in § 501(a).

The Ninth Circuit has found that "[f]iduciary relationships imposed by statute may cause [a] debtor to be considered a fiduciary under § 523(a)(4)," provided that the statute "(1) defines the trust res; (2) identifies the fiduciary's fund management duties; and (3) imposes obligations on the fiduciary prior to the alleged wrongdoing." *Blyler* v. *Hemmeter (In re Hemmeter)*, 242 F.3d 1186, 1191 (9th Cir. 2001) (concluding that ERISA establishes plan fiduciaries for the purposes of § 523(a)(4), but finding debt dischargeable on other grounds). In *Hemmeter*, the relevant statutory definition of fiduciary included an individual "to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). The court concluded based on this language that the trust res was identified "by the creation of the plan itself," and that the fiduciary's fund management duties were defined by §§ 1103-1104. Because these duties arise upon creation of an ERISA plan and must necessarily predate the alleged wrongdoing, the court concluded that the requirements of § 523(a)(4) had been met, and the debtor should be considered a fiduciary for the purposes of determining dischargeability.

UHW argues that 29 U.S.C. § 501(a) creates an express trust by identifying the trust res as the labor organization's "money and property," identifying the duties in the second sentence of § 501(a), and imposing the trust prior to and without reference to the wrong that created the debt by attaching to

all persons who serve in the positions of "officers, agents, shop stewards, and other representatives" by virtue of their position. UHW points to an out-of-circuit trial court decision for support. In *Council 49* v. *Boshell (In re Boshell)*, 108 B.R. 780, 782-83 (Bankr. N.D. Ala. 1989) the court concluded on a motion for summary judgment that § 501(a) did create an express trust, rather than an equitable or implied trust, sufficient to satisfy § 523(a)(4). In that case, Boshell served as the Treasurer for the labor organization, and was alleged to have breached her fiduciary duty in failing to withhold payroll taxes, which totaled, with interest and penalties, $40,740.55.

Kristal argues that a ruling along the lines of *Boshell* in this case would impermissibly expand the definition of "fiduciary" in § 523(a)(4) beyond the confines laid out in *Cantrell*. Kristal argues that the broad language of § 501(a) is at odds with the Ninth Circuit's adoption of "a narrow definition of 'fiduciary' for purposes of § 523(a)(4)." *In re Cantrell*, 329 F.3d at 1125. Kristal is correct that the language of § 501(a) is broad and pulls in a large swath of employees who would not generally be viewed as fiduciaries merely by virtue of their involvement in a labor organization. For example, Kristal asserts that he was not an officer in the labor organization and was not entrusted with significant funds or property. Nevertheless, given the standard the Ninth Circuit has set forth in *Hemmeter*, the fiduciary relationship imposed by § 501(a) is sufficient to identify a debtor as a fiduciary under § 523(a)(4). Accordingly, UHW has adequately alleged that Kristal was a fiduciary under § 523(a)(4) by alleging that he was an agent, officer, or representative under § 501(a), with duties pertaining to the "money and property" of the organization.

*Fraud or Defalcation Requirements of § 523(a)(4)*

In oral argument before this court on June 2, 2011, counsel for UHW indicated that "the only provision that we're proceeding under here is defalcation." Transcript of Oral Argument at 25. The term is not defined in § 523(a), nor elsewhere in the Bankruptcy Code. However, in the Ninth Circuit defalcation has been defined as "failure of a party to account for money or property that has been entrusted to them." *Woodworking Enters., Inc.* v. *Baird (In re Baird)*, 114 B.R. 198, 204 (9th Cir. BAP 1990). Defalcation incorporates instances of innocent as well as intentional or negligent defaults. *Id.*

"An individual may be liable for defalcation without having the intent to defraud." *Lewis v. Scott (In re Lewis)*, 97 F.3d 1182, 1187 (9th Cir. 1996).

UHW has alleged that Kristal diverted UHW resources to non-UHW purposes, as was asserted in *Rosselli*. FAC ¶ 21. UHW has further alleged that Kristal was found liable for $60,000 in diverted resources. *Id.* UHW has further alleged (by reference to evidence presented in *Rosselli*) that Kristal stole or assisted in the theft of UHW property, including a laptop computer, confidential membership contact and evaluation information, and other property. *Id.* at ¶ 23.

Kristal has suggested that UHW's allegations are insufficient to overcome a motion to dismiss because the specific issue of defalcation was not litigated in *Rosselli*, nor was it necessarily determined by the jury. Kristal further argues that his conduct at issue in *Rosselli* did not involve the entrustment of funds and the failure to account for those funds. However, UHW has alleged that Kristal was entrusted with the "money and property" of the labor organization pursuant to § 501(a), and more specifically that he was entrusted with property, such as the laptop computer and confidential membership information, for which Kristal failed to account. Accordingly, UHW has alleged that Kristal failed to properly account for UHW resources sufficient to overcome a motion to dismiss.

## Conclusion

UHW has alleged sufficient facts to overcome a motion to dismiss. Accordingly, Kristal's Motion is DENIED.

IT IS SO ORDERED.

DATED: November 1, 2011

_____
United States Bankruptcy Judge

- 7 -

**NOTE TO USERS OF THIS FORM**:
**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4**) **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)  **MEMORANDUM OF DECISION**  was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (**"**NEF**"**)** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of ***October 31, 2011***, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Anne N Arkush on behalf of Plaintiff United Healthcare Workers-West, an unincorporated association
aarkush@altber.com, jdemain@altshulerberzon.com;jperley@altshulerberzon.com

Susan I Montgomery on behalf of Defendant Gabriel Kristal
susan@simontgomerylaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Timothy Yoo (TR)
tjytrustee@lnbrb.com, tyoo@ecf.epiqsystems.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Debtor
Gabriel Solomon Hennes Kristal
215 E. 6th Ave. Apt 16
Helena, MT 59601

Glenn Rothner
Roger, Segall & Greenstone
510 S Marengo Ave
Pasadena, CA 91101

Jeffrey B Demain
177 Post St Ste 300
San Francisco, CA 94108

Jonathan Weissglass
177 Post St Ste 300
San Francisco, CA 94108

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐  Service information continued on attached page